

STATE OF NORTH CAROLINA

WAKE COUNTY

BEFORE THE
DISCIPLINARY HEARING
COMMISSION
OF THE
NORTH CAROLINA STATE BAR
19 DHC 19

| THE NORTH CAROLINA STATE BAR,<br>Plaintiff<br><br>v.<br><br>MARK L. BIBBS, Attorney,<br>Defendant | CONSENT ORDER<br>OF DISCIPLINE<br><br>1:19mc52 |
|---|---|

This matter came before a hearing panel of the Disciplinary Hearing Commission composed of Allison C. Tomberlin, Chair, Maya Madura Engle, and Brandon Gosey. Margaret T. Cloutier and Savannah B. Perry represented Plaintiff, the North Carolina State Bar. Defendant, Mark L. Bibbs, was represented by Alan M. Schneider. Defendant waives a formal hearing in this matter. The parties stipulate and agree to the findings of fact and conclusions of law recited in this consent order. The parties consent to the discipline imposed by this order. By consenting to the entry of this order, Defendant knowingly, freely and voluntarily waives his right to appeal this consent order or to challenge in any way the sufficiency of the findings.

Based on the foregoing and on the consent of the parties, the Hearing Panel hereby makes by clear, cogent and convincing evidence the following:

FINDINGS OF FACT

1. Plaintiff, the North Carolina State Bar ("State Bar"), is a body duly organized under the laws of North Carolina and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina, and the Rules and Regulations of the North Carolina State Bar (Chapter 1 of Title 27 of the North Carolina Administrative Code).

2. Defendant, Mark L. Bibbs, was admitted to the North Carolina State Bar on March 23, 1996, and is, and was at all times referred to herein, an attorney at law licensed to practice in North Carolina, subject to the laws of the State of North Carolina, the Rules and Regulations of the North Carolina State Bar, and the Rules of Professional Conduct.

3. During all or part of the relevant periods referred to herein, Defendant was engaged in the practice of law in Raleigh, Wake County, North Carolina.

1

4. In connection with his law practice, Defendant maintained one attorney trust account with Providence Bank, formerly known as Cornerstone Bank, which was opened in July 2008, and one attorney trust account with Bank of America, which was opened in September 2018.

5. Defendant held entrusted funds on behalf of clients in each of his attorney trust accounts.

6. Between October 2014 and November 2018, Defendant did not complete accurate and proper quarterly reconciliations of his attorney trust account(s). He did not at least quarterly prepare a reconciliation report showing the balance that appeared in the general ledger as of the reporting date, the total of all positive subsidiary ledger balances in the trust account as of the reporting date, and the adjusted bank balance and verify that the balances were identical.

7. Between October 2014 and November 2018, Defendant also failed to maintain a proper client ledger containing a record of receipts and disbursements for each person or entity from whom and for whom funds were received and showing the current balance of entrusted funds held in each of his trust accounts for each such person or entity.

Based on the foregoing Findings of Fact and with the consent of the parties, the Hearing Panel makes the following:

## CONCLUSIONS OF LAW

1. All parties are properly before the Hearing Panel and the Panel has jurisdiction over Defendant, Mark L. Bibbs, and the subject matter of this proceeding.

2. Defendant's conduct, as set forth in the Findings of Fact above, constitutes grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(2) in that Defendant violated the Rules of Professional Conduct as follows:

   (a) By failing at least quarterly to prepare a reconciliation report showing the balance that appeared in the general ledger as of the reporting date, the total of all positive subsidiary ledger balances in the trust account as of the reporting date, and the adjusted bank balance and verify that the balances were identical, Defendant failed to perform quarterly reconciliations of his attorney trust accounts in violation of Rule 1.15-3(d)(1); and

   (b) By failing to maintain a ledger containing a record of receipts and disbursements for each person or entity from whom and for whom funds were received and showing the current balance of funds held in each trust account for each such person or entity, Defendant failed to maintain a minimum record required for general trust accounts in violation of Rule 1.15-3(b)(5).

2

Based on the foregoing Findings of Fact and Conclusions of Law and the consent of the parties, the Hearing Panel makes by clear, cogent and convincing evidence the following:

FINDINGS REGARDING DISCIPLINE

1. Having been licensed since 1996, Defendant has significant experience in the practice of law such that he should be well acquainted with the Rules of Professional Conduct.

2. The rules regarding safekeeping property impose affirmative duties upon lawyers to ensure that they are preserving and protecting client property.

3. A lawyer who fails to comply with the affirmative duties found in the rules regarding safekeeping property risks losing track of the entrusted funds he holds in his attorney trust account(s) and inadvertently using one client's property for the benefit of another or otherwise mishandling client property.

4. Defendant's conduct shows that he does not understand the threshold requirements of the rules regarding safekeeping property and has not complied with the rules. This could potentially result in significant harm for any person or entity from whom and for whom he holds entrusted funds.

5. Defendant has been aware of the shortcomings regarding his trust account management practices for several years but has failed to remedy the issues to ensure that his practices are in compliance with the requirements set forth in the Rules of Professional Conduct.

6. In September 2009, the Disciplinary Hearing Commission suspended Defendant for one year for conduct related to alcohol abuse.

Based on the foregoing Findings of Fact, Conclusions of Law, Findings of Fact Regarding Discipline, and the consent of the parties, the Hearing Panel enters the following:

CONCLUSIONS REGARDING DISCIPLINE

1. The Hearing Panel has carefully considered all of the different forms of discipline available to it, including admonition, reprimand, censure, suspension and disbarment.

2. The Hearing Panel has considered all of the factors enumerated in 27 N.C.A.C. 1B § .0116(f)(1) and determines the following factor is applicable in this matter:

    (a) Intent of Defendant to commit acts where the potential harm was foreseeable.

3

3. The Hearing Panel has considered the factors enumerated in 27 N.C.A.C. 1B § .0116(f)(2) of the Rules and Regulations of the North Carolina State Bar and determines that none of the factors are applicable in this matter.

4. The Hearing Panel has considered all of the factors enumerated in 27 N.C.A.C. 1B § .0116(f)(3) of the Rules and Regulations of the North Carolina State Bar and determines that the following factors are applicable in this matter:

    (a) Prior disciplinary offense;

    (b) Cooperative attitude toward the proceedings; and

    (c) Degree of experience in the practice of law.

5. A censure, reprimand, or admonition would be insufficient discipline because of the gravity of the potential harm to the profession and the public.

6. The public will be adequately protected by suspension of Defendant's license, stayed upon Defendant's compliance with conditions designed to ensure protection of the public and continued compliance with the Rules of Professional Conduct.

7. The Hearing Panel determines that discipline short of suspension would not adequately protect the public, the legal profession or the administration of justice for the following reasons:

    (a) The factors under Rule .0116(f)(1) are of a nature that support imposition of a suspension as the appropriate discipline; and

    (b) Entry of an order imposing less serious discipline would fail to acknowledge the seriousness of the offenses Defendant committed and would send the wrong message to attorneys and to the public regarding the conduct expected of members of the Bar of this state.

Based on the foregoing Findings of Fact, Conclusions of Law, Findings of Fact Regarding Discipline, Conclusions of Law Regarding Discipline, and the consent of the parties, the Hearing Panel hereby enters the following:

ORDER OF DISCIPLINE

1. The law license of Defendant, Mark L. Bibbs, is hereby suspended for eighteen months, effective upon filing of this Consent Order of Discipline with the Clerk.

2. The period of suspension is stayed for three years as long as Defendant complies with the following conditions:

    (a) Within thirty days after entry of this Order, Defendant shall arrange for an active member of the North Carolina State Bar to monitor Defendant's

4

trust account management. Defendant's monitor shall be an attorney in good standing who practices law in Defendant's judicial district and who has been approved by the Office of Counsel;

(b) Defendant will pay the cost, if any, charged by the monitor for his or her supervision. Defendant must make all arrangements for this monitoring attorney. At the time Defendant reaches an agreement with the monitoring attorney to provide the monitoring services, Defendant shall supply the Office of Counsel with a letter from the monitoring attorney confirming his or her agreement to perform the duties listed below;

(c) The monitor shall supervise Defendant in preparing and submitting to the Office of Counsel accurate and proper quarterly reconciliations of his attorney trust account(s) for each quarter from October 2014 through the third quarter of 2019. The reconciliations shall be performed using the reconciliation method described in the State Bar Lawyer's Trust Account Handbook and using the reconciliation form provided therein. Defendant shall ensure that reconciliation reports for each quarter from October 2014 through the third quarter of 2019 are received by the North Carolina State Bar within sixty days of the entry of this Order;

(d) The monitor shall supervise Defendant in preparing and submitting to the Office of Counsel accurate and proper quarterly reconciliations of his attorney trust account(s) for the last quarter of 2019 and for the first and second quarters of 2020. The reconciliations shall be performed using the reconciliation method described in the State Bar Lawyer's Trust Account Handbook and using the reconciliation form provided therein. Defendant shall meet quarterly with the monitoring attorney and provide any information the monitoring attorney deems reasonably necessary to ensure Defendant is properly managing his attorney trust accounts. Defendant shall ensure that the reconciliation report for the last quarter of 2019 is received by 30 January 2020, that the reconciliation report for the first quarter of 2020 is received by 30 April 2020, and that the reconciliation report for the second quarter of 2020 is received by 30 July 2020;

(e) The monitor must agree to sign each reconciliation report to indicate that he or she supervised the creation of each report. Defendant bears the responsibility of ensuring the monitoring attorney signs each reconciliation report submitted to the Office of Counsel as described above;

(f) Defendant shall make appropriate arrangements for an alternate monitor if the original monitoring attorney cannot serve or is unwilling to serve throughout the second quarter of 2020;

(g) Beginning the third quarter of 2020 and continuing throughout the remainder of the stay, Defendant shall personally perform accurate and

proper quarterly reconciliations of his attorney trust accounts using the reconciliation method described in the State Bar Lawyer's Trust Account Handbook and using the reconciliation form provided therein. Defendant shall provide the reconciliation report and all appropriate supporting documentation to the Office of Counsel on the 30th day of April, July, October, and January as they occur during the stay of this suspension;

(h) If another lawyer with whom Defendant practices law is responsible for administration of entrusted or fiduciary funds in a general or dedicated trust account ("responsible attorney"), in lieu of the provisions of paragraphs 2(d) and (g) above, Defendant shall submit to the Office of Counsel for each quarter an affidavit signed by Defendant stating (1) that Defendant is not responsible for the administration of any general trust account(s), (2) that Defendant does not have signature authority over such trust account(s), and (3) the name of the responsible attorney;

(i) If Defendant does not practice law with a responsible attorney as outlined in paragraph 2(h), does not have a trust account, and has not handled entrusted funds for any reportable quarter, in lieu of the provisions of paragraphs 2(d) and (g) above, Defendant shall submit to the Office of Counsel for each quarter an affidavit signed by Defendant stating (1) that Defendant does not practice law with a responsible attorney as outlined in paragraph 2(h), (2) that Defendant does not maintain a general or dedicated trust account, and (3) that Defendant has not received or otherwise handled any entrusted or fiduciary funds as defined in Rule 1.15-1 of the North Carolina Rules of Professional Conduct;

(j) Defendant shall complete two additional hours of Continuing Legal Education on the topic of trust account management each year during the stay of this suspension. This CLE requirement is in addition to the requirements set forth in 27 N.C.A.C. 1D § .1518(a);

(k) Defendant shall remain current in payment of all Membership dues, fees, and costs, including all Client Security Fund assessments and other charges or surcharges that the State Bar is authorized to collect from him, including all judicial district dues, fees, and assessments;

(l) Defendant shall timely comply with his State Bar Continuing Legal Education requirements and pay all fees and costs assessed by the applicable deadline;

(m) Defendant shall timely pay the administrative fees and costs of this action as described below;

(n) Defendant shall respond to all communications from the North Carolina State Bar, including communications from the Attorney Client Assistance Program, within thirty days of receipt of the communication or by the

6

deadline stated in the communication, whichever is sooner, and shall participate in good faith in the State Bar's fee dispute resolution program for any petition of which he receives notice;

(o) Defendant shall promptly accept service of all certified mail that is sent to him from the State Bar;

(p) Defendant shall not violate the Rules of Professional Conduct or the laws of the United States or of any state or local government during the stayed suspension; and

(q) Defendant shall keep the State Bar Membership Department advised of his current business and home addresses. Defendant shall notify the State Bar of any change in address within ten days of such change. His current business address must be a street address, not a P.O. Box or drawer.

3. If Defendant fails to comply with any of the conditions of the stayed suspension provided in paragraph 2(a) through (q), the stay of the suspension may be lifted as provided in 27 N.C. Admin. Code 1B § .0118(a) of the North Carolina State Bar Discipline and Disability Rules.

4. Defendant's obligations governing the stay under this Order end after three years provided there are no motions or orders to show cause pending in the Disciplinary Hearing Commission alleging lack of compliance with the conditions of the stay of the suspension. Pursuant to § .0118(b) of the North Carolina State Bar Discipline and Disability Rules, the Disciplinary Hearing Commission retains jurisdiction until all conditions of the stay of the suspension have been met. If a motion or order to show cause alleging lack of compliance with the conditions of the stay of the suspension is pending when the period of the stay of the suspension would otherwise have terminated, the Disciplinary Hearing Commission retains jurisdiction and the ability to lift the stay of the suspension and activate the suspension in whole or in part if it finds that any of the conditions of the stay have not been met. The stay of the suspension and Defendant's obligation to comply with the conditions of the stay will continue until resolution of any such pending motion or order to show cause.

5. If the stay granted herein is revoked or the suspension of Defendant's license is activated for any reason, before seeking reinstatement of his license to practice law, Defendant must show by clear, cogent and convincing evidence that he has complied with the following requirements during the active suspension:

(a) That, upon revocation of the stay, Defendant complied with all requirements of 27 N.C. Admin. Code 1B § .0128, including the requirement that Defendant properly accounted for and disbursed all entrusted funds to which his clients were entitled;

(b) That Defendant properly performed quarterly reconciliations for his attorney trust accounts required to be supervised by Defendant's monitoring attorney as provided in paragraph 2(a) through (f). Defendant

7

shall ensure that the reconciliation reports are signed by the monitoring attorney as described in paragraph 2(e);

(c) That Defendant properly performed quarterly reconciliations for his attorney trust accounts as provided in paragraph 2(g) or submitted appropriate affidavits as provided in paragraphs 2(h) and (i);

(d) That Defendant completed two additional hours of Continuing Legal Education on the topic of trust account management each year, regardless of whether he was under a stayed suspension or an active suspension. This CLE requirement is in addition to the requirements provided in 27 N.C.A.C. 1D § .1518(a);

(e) That Defendant remained current in payment of all Membership dues, fees, and costs, including all Client Security Fund assessments and other charges or surcharges that the State Bar is authorized to collect from him, including all judicial district dues, fees, and assessments;

(f) That Defendant timely complied with his State Bar Continuing Legal Education requirements and paid all fees and costs assessed by the applicable deadline;

(g) That Defendant paid the administrative fees and costs of this proceeding as reflected on the statement of costs served upon him by the Secretary of the North Carolina State Bar;

(h) That Defendant responded to all communications from the North Carolina State Bar, including communications from the Attorney Client Assistance Program, within thirty days of receipt or by the deadline stated in the communication, whichever was sooner, and participated in good faith in the State Bar's fee dispute resolution program for any petition of which he received notice;

(i) That Defendant promptly accepted service of all certified mail that was sent to him from the State Bar;

(j) That Defendant did not violate the Rules of Professional Conduct or the laws of the United States or of any state or local government since the entry of this Order;

(k) That Defendant kept the State Bar Membership Department advised of his current business and home addresses and that Defendant notified the State Bar of any change in address within ten days of such change; and

(l) That Defendant complied with all requirements of 27 N.C. Admin. Code 1B § .0129(b).

8

6. Defendant is taxed with the administrative fees and the costs of this action. Defendant shall pay the costs and administrative fees of this action as assessed by the Secretary within 30 days of service of the statement of costs upon him.

Signed by the undersigned Chair with the knowledge and consent of the other members of the Hearing Panel, this is the 25 day of November, 2019.

_____
Allison C. Tomberlin
Hearing Panel Chair

CONSENTED TO:

_____
Savannah Perry, Deputy Counsel
Counsel for Plaintiff

_____
Margaret T. Cloutier, Deputy Counsel
Counsel for Plaintiff

_____
Mark L. Bibbs, Defendant

_____
Alan M. Schneider
Counsel for Defendant

# The Disciplinary Hearing Commission
## Of The
## North Carolina State Bar

November 25, 2019

Amy Funderburk, Clerk
Supreme Court of North Carolina
P. O. Box 2170
Raleigh, North Carolina 27601

Daniel M. Horne, Jr., Clerk
North Carolina Court of Appeals
P. O. Box 2779
Raleigh, North Carolina 27601

Frank B. Williams, Clerk
Wake County Superior Court
P. O. Box 351
Raleigh, NC 27602-0351

Re: The North Carolina State Bar v. Mark L. Bibbs
19DHC19

Enclosed herewith is a copy of the Consent Order Of Discpline filed in the above captioned matter. The order is effective November 25, 2019.

Very truly yours,

Dottie Miani
Dottie Miani, Deputy Clerk
Disciplinary Hearing Commission

Enclosures

cc: U.S. District Court for the Eastern, Middle and Western District
U.S. Bankruptcy Court for the Eastern, Middle and Western District
U.S. Court of Appeals, 4th District
Supreme Court of the United States

*Handwritten annotations:*
- 1:19mc52
- #22860
- Adm 8/28/17
- Bibbs Law Group
  410 N. Boylan Avenue
  Raleigh NC 27603

*Stamp:* RECEIVED In this Office DEC 3 - 2019 CLERK U.S. DISTRICT COURT GREENSBORO, NC

# MR. MARK L. BIBBS
Back to Search Results

| | |
|---|---|
| ID | 22680 |
| Name | Mr. Mark L. Bibbs |
| Address | 215 East North Street |
| City | Raleigh |
| State | NC |
| ZIP Code | 27601 |
| Country | USA |
| Work Phone | 919-256-3775 |
| Email | markbibbs2013@gmail.com |
| License Date | 03/23/1996 |
| Judicial District | 10 Wake |
| Status | Active |
| Status Definition | The lawyer is presently eligible to practice law in North Carolina. |

| View | Case Number |
|---|---|
| View | 09DHC5 |
| View | 13BSR8 |
| View | 19DHC19 |

Adobe Reader is required to view these documents.